IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2012 SEP 24 PM 4:32
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| JEREMY ENGLISH, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. |
| NCO FINANCIAL SYSTEMS, INC., | ) 1:12-cv-1370 JMS-DML |
| Defendant. | ) Jury Demanded |

### COMPLAINT

Plaintiff, Jeremy English, by counsel, hereby brings this action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq. ("FDCPA"), and to recover damages for the alleged conduct, and in support thereof, says and alleges:

### JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, 28 U.S.C. § 1331 and 28 USC § 1367.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and Defendant transacts business here.

### PARTIES

3. Plaintiff, Jeremy English ("Mr. English"), is a resident of the State of Indiana and resides in the Southern District of Indiana.

4. Defendant, NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation with its principal place of business in Horsham, PA. NCO does business in the State of Indiana and in the Southern District of Indiana. Specifically, NCO engages

1

in third party debt collection activity and attempts to collect debts from residents of Indiana and the Southern District of Indiana.

## FACTUAL ALLEGATIONS

5. NCO Financial Systems, Inc. ("NCO") is a collection agency that regularly collects debts from consumers on behalf of its clients.

6. NCO is a debt collector as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

7. NCO was retained to perform third party consumer debt collection work on behalf of its client, Army & Air Force Exchange ("AAFE").

8. In its capacity, as third party debt collector for AAFE, NCO attempted to collect the AAFE debt from Mr. English.

9. AAFE retained NCO as a debt collector to collect the debt allegedly owed by Mr. English.

10. On March 13, 2012 Mr. English filed a Chapter 13 Bankruptcy Petition. A true and accurate copy of the cover sheet of Mr. English's Chapter 13 Bankruptcy Petition is attached hereto as Exhibit "A".

11. Mr. English's AAFE debt was incurred prior to his March 13, 2012 Chapter 13 Bankruptcy Petition.

12. On March 30, 2012, Mr. English's bankruptcy was dismissed. A true and accurate copy of the Dismissal Order is attached hereto as Exhibit "B".

13. On April 6, 2012, Mr. English was granted relief from the dismissal. A true and accurate copy of the order granting Mr. English relief from the dismissal is attached hereto as Exhibit "C".

14. On April 6, 2012, Notice was sent to Mr. English's creditors concerning the reinstatement of his bankruptcy. A true and accurate copy of the notice is attached hereto as Exhibit "D". NCO was given notice of the reinstatement of Mr. English's bankruptcy case.

15. Despite Mr. English's bankruptcy, NCO proceeded with collection efforts on Mr. English's account with AAFE.

16. Despite Mr. English's bankruptcy filing, and in blatant violation of the bankruptcy stay, NCO sent Mr. English a letter dated June 4, 2012 in an attempt to collect the AAFE debt. A true and accurate copy of the letter dated June 4, 2012 is attached hereto as Exhibit "E".

17. Shortly after receiving NCO's June 4, 2012 letter, Mr. English made a telephone call to NCO in an effort to resolve the matter. Mr. English spoke to a NCO representative by the name of John. During the telephone conversation, Mr. English informed NCO of his bankruptcy filing and offered to fax or email a copy of the bankruptcy docket and / or petition to NCO. John was not interested in proof of bankruptcy and told Mr. English that he needed to pay the full balance due or NCO would sue him. John terminated the phone call by hanging up on Mr. English.

**COUNT I**

**Violation of 15 U.S.C. § 1692e(2)(A), § 1692e(5), and § 1692e(10)**
**False or Misleading Representations**

18. Mr. English hereby adopts and re-alleges paragraphs one (1) through seventeen (17) of his complaint.

19. NCO's attempt at collection Mr. English's alleged AAFE debt was in blatant disregard and in violation of the bankruptcy stay.

20. NCO had no right to attempt to collect the AAFE debt because of the operation of the bankruptcy stay.

21. NCO's attempt to collect the AAFE debt despite the operation of the bankruptcy stay constitutes a false representation of the amount, character, and legal status of the debts in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA.

22. By threatening to file suit against Mr. English despite the operation of the bankruptcy stay, NCO threatened to take collection actions that it could not legally take in violation of 15 U.S.C. § 1692e(5) of the FDCPA.

23. By attempting to collect the AAFE debt despite the operation of the bankruptcy stay, NCO used false representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

24. NCO's violations of 15 U.S.C. § 1692e(2)(A), § 1692e(5), and § 1692e(10) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys fees, all pursuant to 15 U.S.C. § 1692k of FDCPA.

**REQUEST FOR RELIEF**

Plaintiff, Jeremy English, hereby requests that the Court:

1. Find that Defendant's debt collection actions violated FDCPA.

2. Enter Judgment in favor of Plaintiff, Jeremy English, and against Defendant, NCO Financial Systems, Inc. for all of his actual damages, FDCPA statutory damages, reasonable attorney's fees, and costs.

3. Grant such further just and proper relief.

## JURY DEMAND

Plaintiff, Jeremy English, hereby demands a trial by jury.

Respectfully submitted,

NERZ WALTERMAN, P.C.

By: _____
C. Warren Nerz, Esq. (16152-49)
Attorney for Plaintiffs

C. Warren Nerz, Esq.
NERZ WALTERMAN, P.C.
5144 East Stop 11 Road, Suite 20
Indianapolis, Indiana 46237
(317) 885-7500